UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                          'O'

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00283-CBM-DFM | Date | June 26, 2025 |
| Title | Christopher Zsarnay et al v. Moehair USA Inc. et al | | |

Present: The Honorable     CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| V.R. VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:** **IN CHAMBERS - ORDER RE: PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

The matter before the Court is Plaintiffs Christopher Zsarnay and Z Studios, Inc.'s Motion for Leave to File a First Amended Complaint.[1] (Dkt. No. 21 ("Motion").)

Plaintiffs filed this Complaint on February 13, 2025, alleging three causes of action: (1) copyright infringement (17 U.S.C. § 501), *quantum meruit*, and fraud. (Dkt. No. 1 ("Complaint"), ¶¶ 33-56.) The initial Complaint alleged that Defendants hired Plaintiffs to take photos of Defendants' haircare products and, after Plaintiffs delivered the photos as agreed and sent Defendants an invoice, Defendants failed to pay for the services rendered. (*Id.*, ¶¶ 17-20, 30-31.) On March 31, 2025, Defendants filed a motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 14.) The Court granted Defendants' motion and dismissed this action without prejudice to Plaintiffs re-filing their state law claims in state court, on the grounds that the Complaint failed to allege that the works at issue are registered under the Copyright Act and the Court has no jurisdiction over Plaintiffs' remaining state law claims. (Dkt. No. 18.)

Plaintiff now requests leave to file an amended complaint, which alleges that the works at issue are registered under Copyright No. VA 2-430-715. (*See* Dkt. No. 21, Ex. 2 ("FAC"), ¶ 3.) However, the Court finds that leave to amend would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). "Generally, a copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement and can sue only for breach of contract." *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1121–22 (9th Cir. 1999). "[W]hen 'a license is limited in scope and the licensee acts outside the scope, the licensor can bring an action for copyright infringement.'" *Applied Bus. Software, Inc. v. Citadel Servicing Corp.*, 2017 WL 10340544, at *2 (C.D. Cal. Nov. 21, 2017). "[C]ontractual terms that limit a license's scope [are] 'conditions,' the breach of which constitute copyright infringement," while "all other license terms [are]

---

[1] The Court finds that the matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15.

'covenants,' the breach of which is actionable only under contract law." *MDY Indus., LLC v. Blizzard Ent., Inc.*, 629 F.3d 928, 939 (9th Cir. 2010).

Here, the FAC references an invoice Plaintiffs provided to Defendant MoeHair USA, Inc. (FAC, ¶¶ 21-22.) The invoice was attached to the Declaration of Raza Monfared in support of Defendants' motion to dismiss.[2] (*See* Dkt. No. 14-1, Ex. 1.) The invoice includes the following paragraph:

> "Thank you for your business!
> Usage: Non-Exclusive/Unlimited
> Terms: Net 15 days
> Client approval – Acceptance of our invoice confirms that Z-Studios ("We") have been contracted by the Client ("You") for the project described. If there are changes in the requirements and/or specifications of this job, we reserve the right to change the estimate and this invoice. If the project is canceled or postponed prior to completion You agree to pay for the time and materials used. * If our invoices are not paid in full as determined by the terms box, from the date of this invoice, You agree to pay a late charge of 10% per month of the unpaid balance."

(Dkt. No. 14-1 at 5.) Nothing in this paragraph purports to limit the scope of the license—in fact, the terms in the paragraph unambiguously grant Defendant an "unlimited" use license. The payment terms are not properly characterized as a limitation on the scope of use (*i.e.*, a condition precedent); rather, courts construe such terms as covenants. *See Falcon Enters., Inc. v. Publishers Serv., Inc.*, 438 F. App'x 579, 581 (9th Cir. 2011) ("As Publishers owed Falcon payment only after it published Falcon's copyrighted images, its obligation to pay constituted a covenant, rather than a condition precedent that would give rise to a copyright infringement lawsuit); *Hardy Life, LLC v. Nervous Tattoo, Inc.*, 2008 WL 11338698, at *4 (C.D. Cal. Aug. 4, 2008) ("Almost all of Plaintiff's allegations appear to involve violations of the Amended License Agreement's covenants, rather than uses of the intellectual property in excess of the scope of the license granted by the agreement).

The FAC alleges that the invoice Plaintiffs sent to Moehair "included, as usual, that use of the images was pursuant to a non-exclusive use license of the photographs and that payment of the invoice would avail the purchaser of the non-exclusive use of the images." (FAC, ¶ 23.) The FAC also alleges that the "non-exclusive use license" provided to Moehair was "clearly printed on Z Studio's invoices," and that Moehair refused to pay Plaintiffs for the non-exclusive use license. (FAC, ¶¶ 35-37.) Thus, the FAC confirms that Plaintiffs provided a non-exclusive, unlimited use license to Moehair.

Based on the terms stated in the invoice, Plaintiffs cannot maintain their copyright infringement claim as a matter of law. Without a cognizable copyright infringement claim, there is no basis for federal jurisdiction. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025) ("With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims."); 28 U.S.C. § 1367. Therefore, leave to amend the Complaint in this Court would be futile.

Accordingly, Plaintiffs' Motion is **DENIED**.

**IT IS SO ORDERED.**

---

[2] This invoice forms the basis of Plaintiffs' claims—therefore, the Court may consider it under the incorporation-by-reference doctrine. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) ("incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself").